UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-10110-RGS

MANUEL E. TRONCOSO

v.

MIDDLESEX SHERIFF'S OFFICE, et al.

MEMORANDUM AND ORDER

April 13, 2018

STEARNS, D.J.

For the reasons stated below, the court will (1) grant the plaintiff's motion for leave to proceed *in forma pauperis*; (2) direct the plaintiff to file an amended complaint; and (3) deny without prejudice the plaintiff's motion for appointment of counsel.

BACKGROUND

On January 19, 2018, *pro se* litigant Manuel Troncoso, who was incarcerated at the Middlesex Jail and County House of Correction ("MHOC") at the time, filed a civil rights complaint in which he alleges that he was unlawfully prevented from observing his religious beliefs. Troncoso represents that he is Jewish. He claims that defendant Carole Cafferty, the superintendent of MHOC, and her administration refused to (1) provide

him a copy of the Torah; (2) allow him to observe Shabbat according to Jewish law; (3) allow him to possess certain religious items; (4) allow him to celebrate Jewish holidays; and (5) provide an adequate religious meal. Troncoso states that he brings this action under the Religious Land Use and Institutionalized Act, 42 U.S.C. § 2000cc (RLUIPA), and the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb (RFRA).

Troncoso makes three other brief claims regarding the conditions of his confinement at MHOC. Without identifying individual defendants, he alleges that for approximately one year (1) he has been denied access to law books and online legal research tools; (2) the temperature of his cell and unit has been kept below 55 degrees and he has not been provided with winter clothes; and (3) he has been in segregation without any opportunity for outdoor physical exercise.

With his Complaint, Troncoso filed motions for leave to proceed *in forma pauperis* and for the appointment of counsel. On March 7, 2018, he filed a notice of change of address in which in informs the court that he is now confined at MCI Cedar Junction.

DISCUSSION

I.  Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Troncoso's motion for leave to proceed *in forma pauperis*, the court concludes that he is without income or assets to prepay the filing fee. Accordingly, the court will grant the motion. Because Troncoso has essentially been without funds for six months, no initial partial filing fee is assessed. The $350 filing fee for this case shall be paid pursuant to 28 U.S.C. § 1915(b)(2).

II.  Review of the Complaint

Summonses have not issued pending the court's preliminary review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. These statutes authorize a federal court to dismiss an *in forma pauperis* or prisoner complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). In conducting this review, the court liberally construes the Complaint because the Troncoso is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court concludes that Troncoso has failed to state a claim upon which relief may be granted. If he wishes to pursue this action, he must file an amended complaint.

A.   RLUIPA and RFRA

RLUIPA provides, in relevant part:

> No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution—
>
> **(A)** is in furtherance of a compelling governmental interest; and
>
> **(B)** is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc(a)(1). However, the only relief available to a successful RLUIPA plaintiff is injunctive or declaratory relief. Monetary damages are not available against the Commonwealth of Massachusetts or its employees acting in an official capacity because the Commonwealth has not waived its Eleventh Amendment immunity from suit from damages, and RLUIPA does not explicitly allow for such damages. *See Sossamon v. Texas*, 563 U.S. 277, 293 (2011). Further, personal capacity claims are not available under RLUIPA. *See Cryer v. Spencer*, 934 F. Supp. 2d 323, 333 (D. Mass. 2013) (agreeing with cases from the Third, Fourth, Fifth, Seventh, Tenth,

4

and Eleventh circuits that "personal capacity claims for monetary damages under RLUIPA are barred").[1]

In the absence of the availability of monetary damages, it appears that the court no longer has jurisdiction over the RLUIPA claim. Article III, § 2, of the Constitution confines federal courts to the adjudication of "Cases" or "Controversies." "Accordingly, '[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Chafin v. Chafin*, 568 U.S. 165, 171-72 (2013) (alteration in original) (quoting *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990)). There is "no case or controversy, and a suit becomes moot, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 172 (internal quotation marks and citations omitted). A claim is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* (quoting *Knox v. Serv. Employees*, 567 U.S. 298, 307 (2012).

Here, Troncoso's transfer to MHOC indicates that his case is moot. Because he is no longer at MHOC, it would be impossible for this court to

---

[1] The First Circuit has declined to rule on this issue. *See Kuperman v. Wrenn*, 645 F.3d 69, 79 (1st Cir. 2011).

grant him "any effectual relief" even if he were able to prevail on his RLUIPA claim.  Monetary damages are unavailable, and any injunctive or declaratory relief with regard to the defendants employed at MHOC would have no effect on him whatsoever because he is no longer incarcerated there.  Further, he has moved from a county correctional facility to a prison run by the Massachusetts Department of Correction (DOC).  Therefore, the person or persons who make decisions regarding the manner in which a DOC prisoner can observe his faith operate separately from the decision-makers at MHOC.  Because the RLUIPA claim is moot, it is no longer a "case" or "controversy" for purposes of Article III.

Troncoso also invokes RFRA.  This statute was struck down by the Supreme Court as unconstitutional as applied to states and subdivisions. *See City of Boerne v. Flores*, 521 U.S. 507, 532 (1997) (holding that Congress exceeded its enforcement powers under Section 5 of the Fourteenth Amendment in passing the statute).  "RLUIPA established the same rule for these two limited areas [of land use and institutionalized persons] that Congress had attempted to apply more broadly in the RFRA: it prohibited state and local governments from placing a substantial burden on religious exercise unless the government could show that it had a compelling interest and that it had used the least restrictive means to

achieve that interest." *Roman Catholic Bishop of Springfield v. City of Springfield*, 724 F.3d 78, 94 (1st Cir. 2013).

B. Other Claims

Troncoso's claims concerning access to legal materials, the temperature of his cell, and placement in segregation without access to outdoor physical recreation also fail to state a claim upon which relief may be granted. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the complaint needs to provide each defendant "enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests,'" *Silverstrand Invs. v. AMAG Pharm., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original), or, in other words, the statement of the claim "must 'at least set forth minimal facts as to who did what to whom, when, where, and why,'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004)). Although Troncoso identifies the gist of his claims, he does not identify when the objectionable

7

conditions existed, how long they lasted, and how he was harmed by these conditions.

Further, Troncoso does not allege what each defendant did to cause or sustain such condition. The court assumes that Troncoso brings these claims under 42 U.S.C. § 1983, which provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. In other words, § 1983 is the mechanism by which a prisoner (or other litigant) can bring a claim against a person acting under color of state law for the violation of federal Constitutional rights, including a prisoner's right under the Eighth Amendment to be free from cruel and unusual punishment.[2] Because "[i]t is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable [under § 1983],'" *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 146, 156 (1st Cir. 2006) (quoting *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005)), Troncoso must allege facts from which the court can

---

[2] A claim for a violation of First Amendment rights may also be brought under § 1983, but Troncoso appears to limit his claim concerning his ability to practice his faith to a claim under RLUIPA.

reasonably infer that a particular defendant was directly involved in the alleged violation(s) of his rights under the Eighth Amendment.

### C. Filing of an Amended Complaint

If Troncoso wishes to pursue this action, he must file an amended complaint that cures the pleading deficiencies discussed above. Further, the amended complaint must comply with the following parameters:

1. Under the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

2. As an amended complaint completely replaces the original complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), Troncoso must repeat in the amended complaint any allegations in the original Complaint that he wishes to be part of the operative complaint.

3. In accordance with Rule 8(a)(2), Troncoso must identify the objectionable conduct of each defendant, providing enough detail to put each defendant on notice of the factual basis of his claims and permitting this court to reasonably infer from the allegations that the defendants are

liable to him. The factual allegations must describe specific actions rather than merely assert legal conclusions.

Further, Troncoso must take care to present his amended complaint in such a manner that it is clear what the alleged factual allegations and legal claims are against *each individual defendant.* He cannot simply refer to the defendants collectively where it cannot be reasonable inferred that all the defendants engaged in the alleged misconduct. *See, e.g., Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s complaint failed to satisfy [the] minimum standard" of pleading under Fed. R. Civ. P. 8(a).).

4. If Troncoso names more than one defendant, the claims against them must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and "and any question of law or fact common to all defendants [must] arise in the action." Fed. R. Civ. P. 20(a)(2).

III. Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See*

*DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Nearly all *pro se* parties that institute litigation are untrained in the law and have no experience in researching and preparing legal arguments. Troncoso must demonstrate that exceptional circumstances warrant the appointment of counsel. *See id.* In determining whether the appointment of counsel is appropriate, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *See id.* at 24.

As discussed above, Troncoso has failed to state a claim upon which relief may be granted. In the absence of a viable claim, the court cannot conclude that exceptional circumstances exist that would justify the appointment of *pro bono* counsel. The court will therefore deny the motion without prejudice.

ORDER

For the foregoing reasons:

1. The motion for leave to proceed *in forma pauperis*, Dkt #2, is granted. No initial partial filing fee is assessed. The entire $350 filing fee shall be paid pursuant to 28 U.S.C. § 1915(b)(2). The clerk shall send a copy of this order to the treasurer of the institution having custody of Troncoso.

2. If Troncoso would like to proceed with this action, he must file an amended complaint that complies with the parameters set forth above. The amended complaint must be filed within 42 days of the date of this order (Friday, May 25, 2018). Failure to comply with this order will result in dismissal of the case.

3. The motion for appointment of counsel, Dkt #3, is denied without prejudice.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE